**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0170n.06

No. 08-6162

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 17, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| STACY ALLEN, | ) | OPINION |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:   SUHRHEINRICH, McKEAGUE, and GRIFFIN, Circuit Judges.

**PER CURIAM.** On June 5, 2008, Stacy Allen pled guilty to various charges related to drug trafficking and possessing a weapon. On September 17, 2008, the district court found that Allen qualified as a "career offender" under U.S.S.G. § 4B1.1 and sentenced Allan to 262 months imprisonment. Allen now appeals, arguing that he was improperly classified as a career offender, as his prior conviction for reckless endangerment under Tennessee law – one of the necessary two predicate violent crimes for which he was so classified – no longer qualifies as a crime of violence. Indeed, in *Begay v. United States*, 128 S.Ct. 1581, 1582 (2008), the Supreme Court suggested that crimes qualifying as violent for the purposes of classifying a defendant as a career offender must "typically involve purposeful, violent, and aggressive conduct." In *United State v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009), in which we addressed this exact question, we held that a defendant's "reckless endangerment conviction does not on its face constitute a 'crime of violence' under *Begay*"

– even where the defendant was classified as a career offender *before* the Supreme Court's decision. In this case, the government concedes the error, and both Allen and the government ask that Allen's sentence be vacated and the case be remanded for resentencing. As, given the way the law has developed, the district court committed plain error by classifying Allen as a career offender, we accordingly **VACATE** the sentence and **REMAND** for resentencing.