NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 12a0805n.06

No. 10-5914

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 26, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

STACY ALLEN,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

_____ /

BEFORE:    SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

**PER CURIAM.**  Defendant Stacy Allen pleaded guilty to, among other charges, one count of unlawful possession with the intent to distribute 50 grams or more of crack cocaine, and one count of unlawful possession with the intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendant was originally sentenced to 262 months imprisonment and five years supervised release on the crack cocaine charges. This Court remanded the case for re-sentencing after we found that the district court erroneously applied USSG § 4B1.1, the career offender provision of the sentencing guidelines. *See United States v. Allen*, 370 F. App'x 582 (6th Cir. 2010).

Upon remand, the district court imposed a 210 month sentence on the crack cocaine charges, to run concurrently with the 120 month sentence Defendant received on his conviction for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g).

Defendant now argues that his crack cocaine convictions should be re-sentenced pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010) (FSA). The FSA increased the amount of crack cocaine necessary to trigger certain mandatory minimum sentences, thereby reducing the disparity between the punishment imposed on offenses involving crack versus powder cocaine. The government contends that the "general savings statute," codified at 1 U.S.C. § 109, prevents the FSA's benefits from being retroactively applied to Defendant.

This Court previously held that the FSA should not be applied retroactively because the general savings statute applies. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). However, in *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012), the Supreme Court recently clarified that the FSA applies retroactively to all offenders sentenced after the statute's effective date, regardless of whether their crimes were committed prior to the FSA's enactment. Unfortunately for Defendant, *Dorsey*'s holding does not apply here. Defendant was re-sentenced on July 22, 2010, several weeks prior to the FSA's enactment date on August 3, 2010. Accordingly, *Carradine* continues to control under these circumstances. *See United States v. Finley*, No. 10-3672, 2012 WL 2505630, at *5 (6th Cir. June 29, 2012). The district court properly sentenced Defendant in accordance with the law that was in effect at the time of his re-sentencing. *Id*.

For the foregoing reasons, we **AFFIRM** Defendant's sentence.